UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. SHANNON, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>REBECCA TRIVETT, et al., )<br>)<br>Defendants. ) | Case No. 1:15-cv-0807-WTL-TAB |

**Entry Discussing Amended Complaint, Dismissing Insufficient Claims, and Directing Further Proceedings**

**I. Background**

The plaintiff, Mark A. Shannon ("Mr. Shannon") is incarcerated at the Plainfield Correctional Facility ("Plainfield"). This civil rights complaint is brought pursuant to 42 U.S.C. § 1983. Mr. Shannon has paid the filing fee. Mr. Shannon has named the following defendants: 1) Nurse Rebecca Trivett; 2) Nurse Practitioner Dana Wilson ("NP Wilson"); 3) Nurse Practitioner Loice Mukona ("NP Mukona"); 4) Dr. Daniel Altman; 5) Nurse Toni Jordan; 6) Dr. Murat Polar; and 7) Corizon Medical Services ("Corizon"). Mr. Shannon alleges that he was denied adequate medical care in violation of his Eighth Amendments rights. He seeks compensatory and punitive damages.

The amended complaint, filed on May 22, 2015, is now subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## II. Screening

### A.

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B.

For the reasons set forth in this Entry, certain claims must be dismissed for failure to state a claim upon which relief can be granted, while others shall proceed.

*Insufficient Claims*

The amended complaint alleges that Dr. Altman failed to adequately and properly read Mr. Shannon's x-ray films. He alleges that Dr. Altman was negligent and committed acts of medical malpractice. These allegations do not state a claim of deliberate indifference. *See Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) ("Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment."); *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (negligence or even

gross negligence is not enough to state a claim under § 1983). The claim against Dr. Altman is **dismissed** for failure to state a claim upon which relief can be granted.

Similarly, the claims against NP Wilson and NP Mukona are **dismissed** for failure to state a claim upon which relief can be granted because the amended complaint alleges that they told him there was nothing wrong with his thumb, and that NP Wilson provided him with a brace for the wrong hand. These allegations amount to negligence, not deliberate indifference.

Any claim against Corizon is **dismissed** for failure to state a claim upon which relief can be granted because Mr. Shannon does not allege that his lack of treatment was the result of an affirmative policy or practice of Corizon. Corizon is a corporate entity that is not vicariously liable for misdeeds of its employees, and can only be liable "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Woodward v. Correctional Medical Services of Illinois, Inc.,* 368 F.3d 917, 927 (7th Cir. 2004)(internal quotation omitted); *see also Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008).

No partial final judgment shall issue as to the claims dismissed in this Entry.

*Claims That Shall Proceed*

Giving the complaint a liberal reading, Mr. Shannon's claims alleging that Nurse Trivett, Nurse Jordan, and Dr. Polar were deliberately indifferent to his serious medical needs shall proceed.

These are the only viable claims which have been identified by the Court. If the plaintiff intended to assert additional claims which were not identified and discussed in this Entry, he shall have **through July 31, 2015,** in which to identify such claims.

The **clerk** shall **update the docket accordingly,** dismissing NP Wilson, NP Mukona, Dr. Altman, and Corizon as defendants on the docket.

### III.     Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendants Nurse Rebecca Trivett, Nurse Toni Jordan, and Dr. Murat Polar in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on May 22, 2015 (docket 3), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date:  6/30/15

*William T Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark A. Shannon
#219451
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN   46168

Nurse Rebecca Trivett
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN   46168

Nurse Toni Jordan
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN   46168

Dr. Murat Polar
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN   46168

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**